UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL FREDRICKS,

                                        Petitioner,

                -against-

COMSTOCK, Superintendent,

                                        Respondent.

24-CV-3135 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Nigel Fredricks, who is currently incarcerated at Coxsackie Correctional

Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. On

March 15, 2024, Petitioner was granted leave to proceed *in forma pauperis* ("IFP"). For the

following reasons, the Court designates Petitioner's submission as a petition for a writ of *habeas*

*corpus* under 28 U.S.C. § 2254, and grants him 60 days' leave to file an amended petition.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under

Rule 4 of the Rules Governing Section 2254 Cases, the Court has the authority to review and

dismiss a Section 2254 petition without ordering a responsive pleading from the state, "[i]f it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court." Rules Governing Section 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221

F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe pro se pleadings

liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed.*

*Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations

omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).

Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural

and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d

Cir. 1983)).

## BACKGROUND

Petitioner originally filed this petition in the United States District Court for the Northern

District of New York. Because it was unclear what exactly Petitioner was challenging, on April

3, 2024, that court directed Petitioner to file an affirmation clarifying his intentions. (ECF 15.)

On April 11, 2024, the Northern District received from Petitioner a letter in which he referred to

his "parole status being revoke[d on] May 20, 2022 without a new parole violation for a new

charge that occurred in Rikers Island." [1] (ECF 17, at 1.) Petitioner also agreed that the case could

be transferred to this court. On April 18, 2024, the Northern District transferred the action to this

court. (ECF 18.)

Petitioner brings this action using the Northern District's Section 2241 petition form. He

asserts that on March 12, 2022, after his parole was revoked, he was sentenced in the Manhattan

Supreme Court. (ECF 1, at 1.) Petitioner contends that the New York State Department of

Corrections and Community Supervision ("DOCCS") is improperly calculating his sentence

under New York Penal Law § 70.30 – a statutory provision on how to calculate terms of

imprisonment. Petitioner incorrectly refers to several civil cases that he had filed in federal

courts as appeals of the alleged miscalculation of his sentence. For example, he indicates that a

prior Northern District case and its appeal, *Fredricks v. I.R.C. Entity D.O.C.*, No. 23-CV-0112

---

[1] The Court quotes from Petitioner's submissions verbatim. All spelling, grammar, and punctuation are as in the originals unless noted otherwise.

(N.D.N.Y. Sept. 19, 2023), *appeal dismissed*, No. 23-CV-7197 (2d Cir. June 18, 2024), were his

first and second appeals of the issue he is raising in this *habeas corpus* petition.[2] (ECF 1, at 2-3.)

Petitioner further refers to a prior *habeas corpus* petition under 28 U.S.C. § 2254 that he filed in

this court in 2022, *Fredericks v. Warden Auburn C.F.*, No. 22-CV-3968 (LTS) (S.D.N.Y. Sept. 20,

2022), as a motion under 28 U.S.C. § 2255, in which he raised the same issues he brings in this

action.[3] (*Id*. at 4.)

      Petitioner attaches to the petition handwritten statements, in which he contends that New

York Penal Law § 70.30 is unconstitutionally vague, along with a copy of a 1947 Supreme Court

of Florida's decision, *Locklin v. Pridgeon*, 158 Fla. 737 (Fla. 1947), which held that a statutory

provision was unconstitutionally vague. (ECF 1, at 10-13.) In a statement captioned "Grounds

Raised," Petitioner writes,

> According to [DOCCS] changes has been made to my time calculation by stateing
> Penal Law 70.30 of dedacting allmost four and half years but fail to indicate
> nothing been imposed by the judge and I've been revoke so it would be nearly
> impossible to owe allmost four and half years on P.R.S.

(ECF 1-2, at 1.)

      Petitioner seeks immediate release from DOCCS custody.

---

[2] In *Fredricks v. I.R.C. Entity D.O.C.*, No. 23-CV-0112, Petitioner sought damages for
alleged miscalculation of his sentence. The Northern District determined that Petitioner is barred
under 28 U.S.C. § 1915(g), from filing any new federal civil action IFP while he is a prisoner,
and the Second Circuit dismissed the appeal as "lack[ing] an arguable basis either in law or in
fact." *Fredricks v. I.R.C. Entity D.O.C.*, No. 23-CV-0112 (N.D.N.Y. Sept. 19, 2023), *appeal
dismissed*, No. 23-CV-7197 (2d Cir. June 18, 2024).

[3] In *Fredericks v. Warden Auburn C.F.*, No. 22-CV-3968 (LTS), Petitioner seemingly
sought to challenge his state court conviction but did not set forth clear grounds for relief or
show exhaustion of state court remedies. The Court, after granting Petitioner 60 days' leave to
file an amended petition, dismissed the case because Petitioner did not file an amended petition
as directed. *Id*., ECF 10.

## DISCUSSION

**A.    Designation of Application as Section 2254 Petition**

The Court construes Petitioner's submission as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 because his assertion that DOCCS miscalculated his state court sentence is a challenge to the execution of his sentence. The proper vehicle for such a challenge is a petition brought under Section 2254, not Section 2241. *See Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278-79 (2d Cir. 2003); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (challenges to the validity of prison administrative actions that affect the fact or length of the state convicted prisoner's confinement are properly brought under Section 2254). If Petitioner does not want to pursue relief under Section 2254, he must notify the Court in writing within 60 days that he wishes to withdraw the application. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Cook*, 321 F. 3d at 282. If Petitioner does not inform the Court of his intent within 60 days, the application shall remain designated as a petition under Section 2254.

**B.    Rule 2 of the Rules Governing Section 2254 Cases**

A state prisoner must submit a petition that conforms to the Rules Governing Section 2254 Cases. Rule 2(c) requires a petition to specify all of a petitioner's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. A petition must permit the Court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

This petition does not conform to the requirements of Rule 2(c). Petitioner does not plainly specify his grounds for relief and the supporting facts. Mindful of the Court's duty to construe *pro se* actions liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court has analyzed Petitioner's submission and finds that neither the Court nor a respondent could discern

4

the constitutional basis for the petition. The Court therefore grants Petitioner 60 days' leave to complete the attached form and include each ground he intends to raise and the supporting facts for each ground.

## C.    Exhaustion of State Court Remedies

Before filing a petition for a writ of *habeas corpus* under Section 2254, a petitioner must exhaust all available state court remedies. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with Petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a complete round of the state's established appellate review process. *Id.* "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Att'y Gen.*, 696 F.2d 186, 191 (2d Cir. 1982)).

To exhaust the execution of a sentence, Petitioner must first challenge the decision administratively with DOCCS, and then file in a state court a petition under Article 78 of the New York Civil Practice Law and Rules. *See, e.g.*, *Wells v. Annucci*, No. 19-CV-3841 (LLS), 2019 WL 2209226, at *3 (S.D.N.Y., May 21, 2019) (holding that to "exhaust the execution of a sentence, after challenging the decision administratively with DOCCS, Petitioner must file an Article 78 petition under New York Civil Practice Law and Rules." (citing *Velez v. Annucci*, No. 10-CV-1485 (JKS), 2014 WL 316748, at *1 (N.D.N.Y. Jan. 28, 2014)); *Castro v. Rivera*, 69 A.D.3d 1000, 1000, (2010) (converting *habeas corpus* proceeding challenging sentence computation to an Article 78 proceeding).[4] Petitioner must then appeal any adverse ruling on the

_____

[4] Generally, a state court *habeas corpus* petition would not be the proper vehicle to challenge a sentence computation when the prisoner is not entitled to immediate release from

Article 78 petition to the New York Supreme Court, Appellate Division. *See Wells*, 2019 WL 2209226, at *3; *Castro*, 69 A.D.3d at 1000. Should the Appellate Division affirm the decision, Petitioner must then seek leave to appeal from the New York Court of Appeals. *See, e.g.*, *Bottom v. Goord*, 96 N.Y.2d 870, 870 (2001) (reversing Appellate Division affirmance of denial of an Article 78 proceeding, seeking recalculation of jail-time credit, as time-barred).

Petitioner indicates in this petition that he has filed multiple federal court actions concerning the alleged computation error, but he does not allege facts suggesting that he filed an Article 78 petition in a state court or initiated any other action to appeal or challenge the computation of his sentence. Thus, he has not shown that he has fully exhausted his available state court remedies.

### D.    Leave to File an Amended Petition

The Court grants Petitioner leave to submit an amended petition within 60 days of the date of this order. Should Petitioner decide to file an amended petition, he must clearly and legibly state his grounds for relief and detail the steps he has taken to fully exhaust each ground for relief in the New York courts.[5] Petitioner is advised that an amended petition completely replaces the original petition.

### CONCLUSION

Petitioner is hereby notified that the Court finds that this application, notwithstanding its designation, should be construed as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. If Petitioner does not want to pursue relief under Section 2254, he may notify the Court

---

prison. *See, e.g.*, *People ex rel. Gonzalez v. Smith*, 104 A.D.2d 725, 725 (1984).

[5] The Antiterrorism and Effective Death Penalty Act of 1996 requires that a federal *habeas corpus* petition be filed within one year of the latest of four specified dates. *See* 28 U.S.C. § 2244(d)(1); *see also Reyes v. Keane*, 90 F.3d 676 (2d Cir. 1996).

in writing within 60 days that he wishes to withdraw the application. If Petitioner does not inform the Court of his intent within 60 days, the application shall remain designated as a petition under Section 2254.

The Court grants Plaintiff leave to file an amended petition. The amended petition must be submitted to the Clerk's Office within 60 days of the date of this order, be captioned as an "Amended Petition" and bear the same docket number as this order. An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order, which Petitioner should complete as specified above. Once submitted, the amended petition shall be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied.

No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    August 26, 2024
          New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                              Chief United States District Judge

AO 241
(Rev. 06/13)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.     To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.     You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.     Make sure the form is typed or neatly written.

4.     You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.     Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.     You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.     In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.     When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

9.     <u>**CAUTION:**</u> **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10.     <u>**CAPITAL CASES:**</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241                                                                                          Page 2
(Rev. 06/13)                          **AMENDED**

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|

v.

The Attorney General of the State of

**AMENDED**

**PETITION**

1.      (a) Name and location of court that entered the judgment of conviction you are challenging:

        (b) Criminal docket or case number (if you know):

2.      (a) Date of the judgment of conviction (if you know):

        (b) Date of sentencing:

3.      Length of sentence:

4.      In this case, were you convicted on more than one count or of more than one crime?    ❏    Yes    ❏    No

5.      Identify all crimes of which you were convicted and sentenced in this case:

6.      (a) What was your plea? (Check one)

                        ❏   (1)    Not guilty      ❏   (3)    Nolo contendere (no contest)

                        ❏   (2)    Guilty          ❏   (4)    Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❒ Jury    ❒ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❒ Yes    ❒ No

8.    Did you appeal from the judgment of conviction?

❒ Yes    ❒ No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ❒ Yes    ❒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 06/13)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ❐  Yes    ❐  No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?    ❐  Yes    ❐  No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❐  Yes    ❐  No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 06/13)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes    ❏ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❐ Yes     ❐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     ❐ Yes     ❐ No

(2) Second petition:     ❐ Yes     ❐ No

(3) Third petition:     ❐ Yes     ❐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)        **Direct Appeal of Ground One:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?        ❐   Yes        ❐   No

        (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ❐   Yes        ❐   No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition:

        Name and location of the court where the motion or petition was filed:

        Docket or case number (if you know):

        Date of the court's decision:

        Result (attach a copy of the court's opinion or order, if available):

        (3) Did you receive a hearing on your motion or petition?        ❐   Yes        ❐   No

        (4) Did you appeal from the denial of your motion or petition?        ❐   Yes        ❐   No

        (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?        ❐   Yes        ❐   No

        (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed:

        Docket or case number (if you know):

        Date of the court's decision:

        Result (attach a copy of the court's opinion or order, if available):

        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:


**GROUND TWO:**


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):


(b) If you did not exhaust your state remedies on Ground Two, explain why:


(c)       **Direct Appeal of Ground Two:**

          (1) If you appealed from the judgment of conviction, did you raise this issue?          ❏   Yes          ❏   No

          (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:


(d)       **Post-Conviction Proceedings:**

          (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

                    ❏   Yes          ❏   No

          (2) If your answer to Question (d)(1) is "Yes," state:

          Type of motion or petition:

          Name and location of the court where the motion or petition was filed:


          Docket or case number (if you know):

          Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ❏   Yes   ❏   No

(4) Did you appeal from the denial of your motion or petition?   ❏   Yes   ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes   ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 06/13)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❐ Yes     ❐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ❐ Yes     ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ❐ Yes     ❐ No

(4) Did you appeal from the denial of your motion or petition?     ❐ Yes     ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❐ Yes     ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)      **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❏   Yes        ❏   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

           ❏   Yes        ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 06/13)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ❏  Yes      ❏  No

(4) Did you appeal from the denial of your motion or petition?               ❏  Yes      ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❏  Yes      ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 06/13)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?    ❑ Yes    ❑ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?    ❑ Yes    ❑ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?    ❑ Yes    ❑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.

AO 241
(Rev. 06/13)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ❒ Yes    ❒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ❒ Yes    ❒ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

AO 241
(Rev. 06/13)

Page 15

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court,
if the right has been newly recognized by the Supreme Court and made retroactively applicable to
cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

AO 241                                                                                                                      Page 16
(Rev. 06/13)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Print          Save As...                                                                                        Reset